**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

In re: ROBERT LANE,

Debtor.

----------------------------------

GARY BARNEY; RANDY ROYAL;
JOHN C. SMILEY; MICHAEL T.
GILBERT; DENNIS O'MALLEY;
BALLARD SPAHR, LLP; COLLEEN
LANE; PATRICIA E. LANE; MATTHEW
W. LANE; SCOTT W. MEIER; LUCAS
BUCKLEY; HATHAWAY AND KUNZ
PC; BANK OF JACKSON HOLE; DAVID
PERINO; ESTATE OF ROBERT
BIOLCHINI; PETE LAWTON;
CHARLES HINGLE; HOLLAND &
HART LLP; TIMOTHY J LANE,

    Plaintiffs - Appellees,

v.

ROBERT M. LANE,

    Defendant - Appellant.

No. 24-8025
(D.C. No. 1:23-CV-00011-SWS)
(D. Wyo.)

_____

### ORDER AND JUDGMENT[*]

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.

_____

Robert Lane filed a Chapter 7 bankruptcy petition in the District of Wyoming in 2011. In the following years, settlement agreements were entered with Mr. Lane's creditors. While the bankruptcy proceedings were ongoing, Mr. Lane began filing lawsuits (first under his own name and later under the names of surrogate plaintiffs) against his creditors, his ex-wife, his children, and others involved in the bankruptcy case. Between November 2013 and August 2020, Mr. Lane caused 11 lawsuits related to the bankruptcy case to be filed in state or federal courts in jurisdictions across the country. He was repeatedly sanctioned, found in contempt, and had filing restrictions imposed on him for engaging in frivolous and vexatious litigation. Mr. Lane was also sentenced to a term of imprisonment after he pleaded guilty to falsifying records in the bankruptcy case.

Appellees eventually moved to reopen the bankruptcy case, seeking a permanent injunction barring Mr. Lane from filing further lawsuits related to the settlement agreements and other matters that the bankruptcy court had previously adjudicated. Appellees also sought a declaratory judgment that prior settlement agreements and the bankruptcy court's orders remained valid. After holding a bench trial, the bankruptcy court issued a 93-page decision in which it made detailed factual findings and legal conclusions. The bankruptcy court permanently enjoined Mr. Lane "from initiating or prosecuting litigation or any other adversarial action

2

against any of the [Appellees]" based on facts and issues previously decided in the bankruptcy case or the adversary proceeding. R. vol. I at 121. It also entered a declaratory judgment stating that the bankruptcy settlement agreements "are valid and enforceable" and that the corresponding settlement orders "remain in full force and effect." *Id.* at 123. On appeal the district court affirmed the bankruptcy court's rulings. Mr. Lane appeals and we affirm.

"Even though this appeal comes to us from the district court, we review a bankruptcy court's decisions independently, examining legal determinations de novo and factual findings for clear error." *FB Acquisition Prop. I, LLC v. Gentry (In re Gentry)*, 807 F.3d 1222, 1225 (10th Cir. 2015).

On appeal Mr. Lane simply restates positions and arguments he took in the district court. He does not engage with the bankruptcy court's reasoning to explain how the court erred in granting a permanent injunction and entering a declaratory judgment. And his briefs merely repeat positions rejected by the district court, without presenting any error in its reasoning. *See Nixon v. City and Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").

Having carefully reviewed the briefs, the record, and the applicable law, we conclude that Mr. Lane has failed to show that the bankruptcy court erred. We

therefore affirm the district court's judgment for substantially the same reasons stated in its thorough and well-reasoned order.

Entered for the Court


Harris L Hartz
Circuit Judge
